Case 7:24-cv-00059-DC   Document 1   Filed 02/23/24   Page 1 of 13

FILED
FEB 23 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__MIDLAND/ODESSA__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Mickey Ray Taylor Jr.
PETITIONER
(Full name of Petitioner)

TDCJ Jordan Unit, Pampa, TX 79065
CURRENT PLACE OF CONFINEMENT

vs.

# 02367588
PRISONER ID NUMBER

Director, Texas Department of Criminal Justice Correctional Institution Division
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

7:24-CV-00059
CASE NUMBER
(Supplied by the District Court Clerk)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

### PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

    *The 385th District Court, Midland County, Texas at 500 N. Loraine St. Midland, TX 79701*

2.  Date of judgment of conviction: *9/30/2021*

3.  Length of sentence: *15 years*

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: _____

    *CR 56540: Count 1 Aggravated Assault W/Deadly Weapon; Count 2 Aggravated Assault W/Deadly Weapon 5 years*

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☑ Jury   ☐ Judge Only

7. Did you testify at trial?  ☐ Yes  ☑ No

8. Did you appeal the judgment of conviction?  ☑ Yes  ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _The Eleventh Court of appeals in Eastland TX_  Cause Number (if known): _NO. 11-21-00233-CR_

   What was the result of your direct appeal (affirmed, modified or reversed)? _As Modified, affirmed_

   What was the date of that decision? _December 1, 2022_

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: _N/A_

   Result: _____

   Date of result: _____  Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☑ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _385th District Court Midland, TX Fwd' to Court of Criminal Appeals TX_

    Nature of proceeding: _§11.07 Habeas_

    Cause number (if known): _WR-94,451-05_

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _February 27th 2023_

Grounds raised: _Ineffective Assistance of Counsel pretrial, at Trial, Brady and Youngblood Violations, Trial Court plain error - abuse of discretion, prosecutorial misconduct, due process violations_

Date of final decision: _10/31/2023_

What was the decision? _Denied Without Written order_

Name of court that issued the final decision: _Court of Criminal Appeals Texas_

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _N/A_

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?  ☐ Yes  ☑ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

-4-

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____   _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.  **GROUND ONE:** Ineffective Assistance of Trial Counsel in Violation of the Sixth Amendment of the U.S. Constitution pursuant to Strickland v. Washington   Pretrial

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel Did Not: Motion the Court for a hearing on Suppression of evidence from an unconstitutional arrest; Motion the Court for Bond reduction hearing to avoid prejudice to my defense; Motion the Court for an Expert Witness for depth, placement and proffer of lacking culpability from wounds; Meet With Me pretrial to show me any prosecution evidence video or defense evidence or strategy ties at any time; Did not object to amended indictment on double jeopardy and vague geography and culpability grounds.

B.  **GROUND TWO:** Ineffective Assistance of Counsel in Violation of My Sixth Amendment Rights of the U.S. Constitution under Strickland v. Washington

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel Did Not: Move for or request for a lesser-included charge for jury instruction; Ever set forth any real defense on my behalf; *Memorialize, revisit, expand on the 'victim's' offer that denies my culpability in a most substantive way, in her testimony, on the Stand, because she knew that I was not the one that injured her, because it was Self inflicted; Move for a Mistrial after exposing the investigator, who handled the evidence first hand, was previously a police officer that Mr. Taylor (defendant) had named in a live and pending lawsuit.

C. **GROUND THREE:** <u>Trial Court Error - Plain Error in Violation of My Sixth Amendment Rights. Violation of Speedy Trial under the Sixth amendment</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On opening day of trial, the Honorable Leah Robertson told me that she denied my Motion Asserting My Right to a Speedy Trial. This Motion was filed about 2 Months after arrest and Months before trial. Proceeding through trial even though my Speedy Trial Rights were clearly violated. Held without bail/bond or excessive amount. I was subject to persistent retaliation and oppression by the jailers and the sheriff's dept because of a filed lawsuit.

D. **GROUND FOUR:** <u>Ineffective Assistance of Counsel and Prosecutorial Misconduct in Violation of my Sixth amendment rights of the U.S. Constitution in Contrast to the 4th, 5th and/or 14th amendments.</u>

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel nor prosecution, either motioned, nor spoke on, or addressed, the due process violations, and fourth amendment violations, that occurred to me upon arrest where I was beaten and tased and choked to renal failure death and left with a broken back, and kidney disease (Stage 3), from this; retaliation; excessive force to secure evidence; bad faith destruction of personal phone recording video of the entire scene by defendant; Unlawful Search and Seizure. Brady, Youngblood, Graham, Tennessee etc.

21. Relief sought in this petition: <u>Petitioner Respectfully Requests That This Court Reverse the Conviction(s) in this Cause and Release Him as Soon as Practical</u>

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☑ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?   ☐ Yes   ☑ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Alvaro Martinez 1604 N. Big Spring St. Midland, TX 79702_

(b) At arraignment and plea: _Alvaro Martinez_

(c) At trial: _Alvaro Martinez_

(d) At sentencing: _Alvaro Martinez_

(e) On appeal: _Mark Henry Pettman_

(f) In any post-conviction proceeding: _Pro Se Habeas_

-8-

(g)   On appeal from any ruling against you in a post-conviction proceeding: _N/A_

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

Judgement final after the 11th COA-TX Modified and affirmed on Dec 1, 2022; The Mandate issued Feb 10, 2023; Habeas properly filed on Feb 27, 2023; Writ denied Without Written order 9/27/2023, Motion for Reconsideration Denied 10/31/2023. This filing in Feburary 2024. Months to spare on this timeliness pursuant to 28 USCS § 2244 (d)(1)(A) and §§ 2244 (d)(2)

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_February 17th, 2024_____ (month, day, year).

Executed (signed) on _February 16th, 2024_____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: _Mikel Taylor #02367588 TDCJ Jordan Unit, Pampa, TX 79065 1992 Helton Rd, Pampa, TX 79065_____

—10—

Petitioners Additional Grounds and Facts Supporting Them

E. Ground Five: Ineffective Assistance of Counsel in Violation of My Sixth Amendment Rights of the U.S. Constitution

   Supporting Facts: Counsel Did Not: Object to the testimony of the nurse that was not an expert or with heightened education and experience of the clearly unfound proffer of the prognosis that she set forth for the jury; Seek to certify by the Court, this nurse as an expert witness or for further credibility standards to offer any such testimony; Provide for the defense an expert witness who would have clearly undermined and professionally debunked what prejudicially biased and unfound nurse testimony.

F. Ground Six: Ineffective Assistance of Counsel in Violation of My Sixth Amendment Rights of the U.S. Constitution

   Supporting Facts: Trial Counsel did not preserve errors for appellate review properly. Appellate Counsel also Ineffective for not calling out obvious Grounds for appellate relief.

G. Ground Seven: Ineffective Assistance of Counsel in Violation of My Sixth Amendment Rights of the U.S. Constitution

   Supporting Facts: Counsel himself, along with prosecutor prejudiced my defensive stance when they both repeatedly mentioned my right to not take the stand and testify on voir dire and jury selection and impaneling, too many questions regarding the matter and too much emphasis on what would be my silent right to not 'take the stand'.
   Counsel did not challenge the State jurisdictional requisite of the indictment not being substantively changed of substance the day of or just before trial not by true bill of Grand Jury.

H. Ground Seven: Ineffective Assistance of Counsel in Violation of my Sixth amendment rights of the U.S. Constitution

Supporting Facts: Counsel did not properly cross examine witnesses, to impeach the witnesses (lay and expert or what should have been expert witnesses), did not seek to request or apply for impeachment procedure(s).
Counsel did not memorialize or expand on the fact that nothing ties or attaches me to the alleged weapon other than hearsay testimony that should have been impeached one way or the other. Counsel entirely lacked opening and closing arguments taking only a minute or two in opening and also in closing arguments. Cumulative Error

I declare under penalty of perjury that the foregoing is true and correct and that this petition for a Writ of Habeas Corpus was placed in the prison Mailing System on:

February 17th, 2024

Executed on   February 16th 2024

Signature of Petitioner _____

Petitioner's Current address: Mickey Taylor # 02367588 TDCJ Jordan Unit, 1992 Helton Rd. Pampa, TX 79065

Mickey Taylor #02367588
Jordan Unit
1992 Helton Rd
Pampa, TX 79065

**RECEIVED**

FEB 2 3 2024

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

Legal

AMARILLO TX 791
21 FEB 2024 PM 1 L

United States District Court
Office of the Clerk
Room 222
200 E. Wall Street      # 1A of 2A
Midland, Texas 79701

797018$201 C091